1 | Rosemary T. McGuire, Esq.   Bar No. 172549
  | WEAKLEY, ARENDT & McGUIRE, LLP
2 | 1630 East Shaw Avenue, Suite 176
  | Fresno, California   93710
3 | Telephone: (559) 221-5256
  | Facsimile:   (559) 221-5262
4 |
5 | Attorneys for Defendants, CITY OF FRESNO, CHIEF JERRY DYER, OFFICER GREG CATTON and OFFICER DANIEL ASTACIO
6 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS WILLIS, MARY WILLIS, INDIVIDUALLY AND SUCCESSORS IN INTEREST TO STEPHEN WILLIS; JENNAFER URIBE, | CASE NO. 1:09-CV-01766-LJO-DLB |
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| CITY OF FRESNO, OFFICER GREG CATTON, OFFICER DANIEL ASTACIO, CHIEF JERRY DYER, and DOES 1 through 50 inclusive, | Complaint Filed:10/07/09 |
| Defendants. | Trial Date: TBA |

IT IS HEREBY STIPULATED between the parties, through their respective counsel, and ordered by this Court, that the following documents will be disclosed pursuant to this stipulation and protective order:

   **1.   Fresno Police Department Standing Orders regarding relevant policies and procedures;**

   **2.   Recordings of Dispatch Communication and 911 calls; and**

   **3.   Photographs of decedent, Stephen Willis, at the scene.**

The above-named documents which are maintained by the Fresno City Police Department and requested by plaintiffs through discovery, may be disclosed to plaintiffs pursuant to the protective order detailed below. The documents requested by plaintiffs contain information which defendants deem confidential. By the release of these documents pursuant to this Stipulation and

---

Stipulation and Protective Order

1 Protective Order, defendants do not waive their assertion of the confidentiality privilege protecting the above-named documents from general disclosure.

Based on the foregoing, IT IS HEREBY STIPULATED:

1. The "Confidential" documents shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation. Defendants may designate them by affixing a mark labeling the documents as "Confidential - Subject to Protective Order" (with the exception of photographs) provided that such marking does not obscure or obliterate the content of any document. In the event plaintiffs challenge a document's Confidential designation, the parties will attempt to resolve it informally before defendants must seek the Court's intervention to maintain the Confidential status of the document.

2. The documents identified in this protective order may be disclosed only to the following persons:

   a) the counsel for any party to this action;

   b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

   c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

   d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

   e) any in-house expert designated by defendants to testify at trial in this matter;

   f) witnesses may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

   g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

3. Each person to whom the "confidential" documents or any portion thereof is provided, with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such

information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt. Plaintiff's counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given. The defendants may not request the identities of said individuals, however, until the final termination of the litigation or if defendants, in good faith, are able to demonstrate that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court. Should the case proceed to trial, the designation and treatment of the confidential information will be revisited.

4. Confidential information and/or documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Eastern District of California Local Rules relating to under seal filings. Any document filed with the Court that includes confidential information shall be submitted under sealed label with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Such document shall be kept by the Court under seal and made available only to the Court or counsel.

5. Should any document designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the City of Fresno of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

6. After the conclusion of this litigation, the documents, in whatever form stored or reproduced, containing "confidential" information will remain confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom "confidential"

documents were disclosed shall return the documents to counsel for the producing party. The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the defendants in a manner in which the City of Fresno will be able to reasonably identify that all documents were returned.

**IT IS SO STIPULATED:**

DATED: April 15, 2010

                WEAKLEY, ARENDT & McGUIRE, LLP

      By:   /s/ Rosemary T. McGuire
             Rosemary T. McGuire
             Attorney for Defendants

DATED: April 15, 2010

                WALTER, HAMILTON & KOENIG, LLP

      By:   /s/ Peter J. Koenig
             Peter J. Koenig
             Attorney for Plaintiff

IT IS SO ORDERED.

    **Dated:   April 15, 2010**                **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE