James D. Weakley, Esq.      Bar No. 082853
Roy C. Santos, Esq.          Bar No. 259718
WEAKLEY & ARENDT LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, CHIEF JERRY DYER, OFFICER GREG CATTON and OFFICER DANIEL ASTACIO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WILLIS, MARY WILLIS, INDIVIDUALLY AND SUCCESSORS IN INTEREST TO STEPHEN WILLIS; JENNAFER URIBE,<br><br>   Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, OFFICER GREG CATTON, OFFICER DANIEL ASTACIO, CHIEF JERRY DYER, and DOES 1 through 50 inclusive,<br><br>   Defendants.<br>_____ | CASE NO. 1:09-CV-01766-LJO-DLB<br><br>**STIPULATION AND PROTECTIVE ORDER AUTHORIZING LIMITED DISCLOSURE CONFIDENTIAL FRESNO POLICE DEPARTMENT RECORDS** |

IT IS HEREBY STIPULATED between the parties, through their respective counsel, and ordered by this Court, that the following documents will be disclosed pursuant to this stipulation and protective order:

**1.    Fresno Police Department Training Records.**

The above-named documents which are maintained by the Fresno City Police Department and requested by plaintiff through discovery, may be disclosed to counsel for the parties pursuant to the protective order detailed below. The documents requested by plaintiff contain information which is deemed confidential. The release of these documents pursuant to this Stipulation and Protective Order does not waive the confidentiality privilege protecting the above-named document from general disclosure.

Stipulated Protective Order - Training Records

Based on the foregoing, IT IS HEREBY STIPULATED:

1. The "Confidential" documents shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation. The party producing the documents described above may designate them by affixing a mark labeling the documents as "Confidential Material - Subject to Stipulated Protective Order" provided that such marking does not obscure or obliterate the content of any document. In the event an issue arises regarding a document's designation, the parties will attempt to resolve it informally before seeking the Court's intervention.

2. The documents identified in this protective order may be disclosed only to the following persons:

    a) the counsel for any party to this action;

    b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

    c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

    d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    e) any in-house expert designated by defendants to testify at trial in this matter;

    f) witnesses may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

    g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

3. Each person to whom the confidential documents or any portion thereof is provided, with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District

1  of California with respect to any proceeding related to enforcement of this order, including without
2  limitation, any proceeding for contempt.  Plaintiff's counsel shall be responsible for internally
3  tracking the identities of those individuals to whom copies of documents marked as Confidential
4  are given.  The defendants may not request the identities of said individuals, however, until the final
5  termination of the litigation or if defendants, in good faith, are able to demonstrate that Plaintiff,
6  or an agent thereof, has breached the terms of this Stipulated Protective Order.  Provisions of this
7  order insofar as they restrict disclosure and use of the material shall be in effect until further order
8  of this Court.  Should the case proceed to trial, the designation and treatment of the confidential
9  information will be revisited.

10  4.  For testimony given in deposition or in other pretrial or trial proceedings, the party
11  or counsel for the party providing the testimony may identify on the record, all protected testimony,
12  and further specify any portions of the testimony that qualify as "Confidential." When it is
13  impractical to identify separately each portion of testimony that is entitled to protection, and when
14  it appears that substantial portions of the testimony may qualify for protection, the party or counsel
15  for the party who gives the testimony may invoke a right to have up to 20 days to identify the
16  specific portions of the testimony as to which protection is sought. Only those portions of the
17  testimony that are appropriately designated for protection within the 20 days shall be covered by
18  the provisions of this Stipulated Protective Order.  Transcript pages containing Protected Material
19  must be separately bound by the court reporter, who must affix to the top of each such page the
20  legend "CONFIDENTIAL" or as instructed by the Party or nonparty offering or sponsoring the
21  witness or presenting the testimony.

22  5.  Confidential information and/or documents that a party intends to use in support of
23  or in opposition to a pre-trial filing with the Court must be filed in accordance with the Eastern
24  District of California Local Rule 141 relating to under seal filings.  Any document filed with the
25  Court that includes confidential information shall be submitted under sealed label with a cover sheet
26  as follows:  "This document is subject to a protective order issued by the Court and may not be
27  copied or examined except in compliance with that order."  Such document shall be kept by the
28  Court under seal and made available only to the Court or counsel.

Stipulated Protective Order - Training Records            3

6.	Should any document designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the City of Fresno of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

7.	After the conclusion of this litigation, the documents, in whatever form stored or reproduced, containing "confidential" information will remain confidential, and if filed with the Court, shall remain under seal.  All parties also ensure that all persons to whom "confidential" documents were disclosed shall return the documents to counsel for the producing party.  The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the defendants in a manner in which the City of Fresno will be able to reasonably identify that all documents were returned.

**IT IS SO STIPULATED:**

DATED: March 8, 2011

WEAKLEY & ARENDT, LLP

By:   /s/ James D. Weakley
James D. Weakley
Attorneys for Defendants

DATED: March 8, 2011

WALTER, HAMILTON & KOENIG, LLP

By:   /s/ Peter J. Koenig
Peter J. Koenig
Attorneys for Plaintiff

1
2        IT IS SO ORDERED.
3        **Dated:   March 9, 2011**                     **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stipulated Protective Order - Training Records              5