UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WILLIS, *et al.,*<br><br>              Plaintiffs,<br><br>      vs.<br><br>CITY OF FRESNO, *et al.*,<br><br>              Defendants.<br>_____/ | Case No. 1:09-cv-01766-BAM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On August 23, 2013, Defendants City of Fresno, Officer Greg Catton and Officer Daniel Astacio (collectively "defendants") filed a motion for reconsideration of defendants' motion for summary judgment or in the alternative relief from the order of the Court.  (Doc. 173.)  Defendants seek reconsideration of the Court's July 13, 2011 Order Granting Defendants' Motion for Summary Judgment.  Specifically, Defendants argue that when the July 13 Order was appealed to the Ninth Circuit, Plaintiffs' counsel made certain concessions concerning Defendants' liability which justify reconsideration of the July 13 Order.  Plaintiffs filed an opposition on August 30, 2013.  The Court found the motion suitable for decision without oral argument.  (L.R. 230(g).)

**Brief Overview of the Facts**

The facts of this case warrant the briefest of overview in light of the issues presented in this motion.  Decedent Stephen Willis ("Stephen") was shot by defendant Officers Catton and Astacio, while he was in a parking lot in front of his home in the Stoneybrook Apartment complex at Winery and Balch in Fresno.  During the early morning of March 28, 2009, Stephen, a 23-year-old trade school student, was fatally shot after defendant Officers Catton and Astacio encountered Stephen.  It is

1

undisputed that Stephen possessed a .38 caliber revolver ("revolver") which he was retrieving from the trunk of his car.  Officers Catton and Astacio, unbeknownst to Stephen, had pursued Stephen who had parked his vehicle in front of his Fresno apartment.  Stephen got out of his car, walked to the vehicle's trunk "so that he could remove his belongings, including a firearm that was enclosed in a case and that he had used at a firing range earlier in the day."  Plaintiffs contend that without warning or identifying themselves, Officers Catton and Astacio shot until Stephen fell or dove to the ground and continued shooting "until they had put 14 bullets into him, including several in his back, out of at least 35 bullets fired at him, and he was dead."

**Procedural Overview**

This action was filed on October 7, 2009.  Plaintiffs Chris Willis and Mary Willis are Stephen's natural parents.  They claimed wrongful death and excessive force claims against the City and Officers Canton and Astacio.[1]  On July 13, 2011, District Judge Lawrence O'Neill granted the defendants' motion for summary judgment on all claims and entered judgment against plaintiffs. Plaintiffs filed a notice of appeal on August 9, 2011.  Following briefing and oral argument, the Ninth Circuit affirmed the summary judgment in part and reversed in part on May 30, 2013.  Pursuant to the Ninth Circuit's unpublished memorandum decision only the following claims remain:

1. Violation of the Fourth Amendment pursuant to section 1983 based on the alleged use of excessive force by Officers Catton and Astacio arising out of the entire subject incident;

2. Violation of the Fourteenth Amendment pursuant to section 1983 based on the alleged denial of familial relationship by Officers Catton and Astacio arising only out of their initial firing upon the decedent Stephen Willis; and

3. State law wrongful death-negligence based on the alleged use of excessive force by Officers Catton and Astacio during the subject incident. The only claim of liability

---

[1] Other parties and claims have been dismissed from this case.

2

remaining against the City of Fresno is based on vicarious liability arising out of Plaintiffs' state law claim for wrongful death-negligence. All other claims have been dismissed.

**The Basis for this Motion**

Following the mandate from the Ninth Circuit, the parties consented to the jurisdiction of the Magistrate Judge, and this case was assigned to Magistrate Judge Barbara A. McAuliffe. Defendants then requested leave to file a motion for reconsideration to seek reconsideration of the Court's July 13, 2011 Order Granting Defendants' Motion for Summary Judgment.

Defendants contend that plaintiffs' counsel, while seeking to provide the Ninth Circuit panel with detailed facts regarding the initial moments of the shooting, made binding concessions concerning defendants' liability. Specifically, defendants argue Plaintiffs' counsel conceded that Stephen reached for and grabbed his visible handgun in response to seeing Officer Catton's flashlight. Defendants contend this binding concession by Plaintiffs' counsel during oral argument constitutes new evidence which was not previously before this Court when it issued its order on Defendants' motion for summary judgment. Defendants request that the Court reconsider the motion and grant summary judgment.

**The Mandate by the Ninth Circuit**

Defendants base their request on grounds that the Ninth Circuit's decision is clearly erroneous, and as such, it is not binding on this Court or any other appellate court. (Doc. 173, p. 8.) Defendants argue that there is an exception to "law of the case" where "the decision is clearly erroneous and its enforcement would work a manifest injustice." Defendants cite, among other cases, *Mortimer v. Baca*, 594 F.3d 714, 720–721 (9th Cir. 2010) (district court was free to consider issue alluded to but not decided in prior court of appeals decision). As stated in their moving papers, "Defendants bring their motion on the highly unusual grounds that the Ninth Circuit's memorandum decision constitutes a clear error of law which renders it non-binding on this Court; and that denial of reconsideration and summary judgment will cause a manifestly unjust result." (Doc. 173, p.2:2-5.)

In the present case, however, defendants do not address the specific mandate by the Court of Appeals to this Court. The Ninth Circuit found that disputed issues of fact exist as to the claim for

Fourth Amendment excessive force, the claim for Fourteenth Amendment "shock the conscience," and the state law wrongful death claim. As to the excessive force claim, the Ninth Circuit's decision pinpointed the key disputed issues of fact during the moments of the incident, finding disputed facts regarding at what point Stephen drew the gun and what the officers saw. The Court held that, "[t]he district court erred in granting summary judgment to Catton and Astacio on the Willis' Fourth Amendment claim." (Doc. 155, p. 2-3.) As to the shock the conscience claim, the Court held: "The district court erred in concluding that no rational juror could find that Catton or Astacio's initial firing, before Willis began to move or attempted to draw his gun, shocked the conscience." (Doc. 155 p.4.) Based upon the finding of disputed issues of material fact, the Ninth Circuit "AFFIRMED IN PART AND REVERSED IN PART." (Doc. 155, p.6.) Then, after denying defendants' petition for rehearing, the Court issued its mandate: "This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure."[2] (Doc. 160.) Thus, pursuant to the terms of the mandate, the Ninth Circuit's finding of factual disputes is the mandate to this Court.

Lower courts are bound to execute the terms of the Ninth Circuit's mandate. In other words, the district court must follow the appellate ruling. *U.S. v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008). The rule of mandate is jurisdictional. *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007), *cert. denied,* 553 U.S. 1007 (2008). While there is some flexibility in following the mandate (*United States v. Kellington*, 217 F.3d 1084, 1095, fn. 12 (9th Cir. 2000)), that flexibility does not include acting contrary to terms expressly mandated by the Ninth Circuit's decision.

This Court finds that to grant defendants' motion would be contrary to the express mandate by the Ninth Circuit to this Court. The Ninth Circuit reversed the grant of summary judgment based upon specific findings of material issues of fact for trial on the precise issue for which defendants seek reconsideration. Defendants, in sum, request that this Court reverse the holding of the Ninth Circuit. This Court, as the parties are well aware, does not sit in appellate review of the Ninth Circuit's decision. *United States v. Thrasher*, 483 F.3d at 982 (rule of mandate served the interest in preserving

---

[2] Rule 41(a) states in pertinent part: "[T]he mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs."

1  the hierarchical structure of the court system).

2  Defendants argue this Court should not be bound by "law of the case."  Defendants argue that
3  an exception to law of the case is present here because the decision of the Ninth Circuit is clearly
4  erroneous since it failed to apply binding precedent and is factually erroneous.

5  To the contrary, "law of the case," precludes judgment as a matter of law on remand from an
6  appellate court's reversal of summary judgment if the appellate opinion specifically finds there are
7  disputed issues of material fact that should be resolved by the jury. *Lam v. University of Hawaii*, 164
8  F.3d 1186, 1187–1189 (9th Cir. 1998) (in a second appeal, after remand on the first appeal, the Ninth
9  Circuit found the district court erroneously excluded testimony which the prior appellate opinion
10 addressed as raising issues of fact); *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.,* 803 F.2d 454,
11 459 (9th Cir. 1986) (after remand on reversal of a summary judgment, the trial court granted a directed
12 verdict.  In the second appeal, the court held the law of the case required the case to proceed to trial).

13 Here, the Ninth Circuit expressly reversed summary judgment on the finding that disputed
14 issues of fact exist for trial.  This Court's duty is to execute the mandate. [3]

### Ambiguous Statement

16 Even if this Court were to consider the statement plaintiffs' counsel made at oral argument to
17 the Ninth Circuit, this Court would not grant reconsideration.

18 A court may properly exercise its discretion to reconsider a previously-decided issue where:
19 • the decision is clearly erroneous and its enforcement would work a manifest injustice;
20 • intervening controlling authority makes reconsideration appropriate; or
21 • substantially different evidence was adduced at a subsequent trial.

22 *United States v. Jingles*, 702 F.3d 494, 502 (9th Cir. 2012), *cert. denied,* 133 S.Ct 1650 (2013); *See*
23 *also, Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)
24 ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the
25 ... court is presented with newly discovered evidence, committed clear error, or if there is an

---

[3] A party who believes the district court has misconstrued or failed to execute the mandate is not without a remedy.  The party may either apply for a writ of mandamus or upon a new appeal, ask the appellate court to construe its mandate and act accordingly.  *See U.S. v. Kellington*, 217 F.3d 1084 1095 n. 12.

1  intervening change in the controlling law") (internal quotations marks and citations omitted).
2  Reconsideration is not a mechanism for the parties "to ask the court to rethink what the court has
3  already thought through—rightly or wrongly." *United States v. Rezzonico,* 32 F.Supp.2d 1112, 1116
4  (D. Ariz.1998). "Clear error presupposes a manifest failure to consider material facts presented to the
5  court before the decision." *Yeager v. AT&T Mobility, LLC,* 2011 WL 3847178 (E.D. Cal. 2011). "A
6  party seeking reconsideration must show more than a disagreement with the Court's decision, and
7  recapitulation of the arguments considered by the court before rendering its original decision fails to
8  carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131
9  (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a
10 strongly convincing nature to induce the court to reverse its prior decision." *U.S. v. Westlands Water*,
11 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

12 Defendants argue that plaintiffs' counsel made the statement during oral argument which
13 admitted that Stephen had the gun out, or exposed to view, which therefore, provided justification for
14 Stephen being shot. Defendants argue this admission is binding, and summary judgment should be
15 reconsidered.

16 The statement by plaintiffs' counsel during rebuttal oral argument is as follows:

> If - - if Officer Catton puts the flashlight on Mr. Willis, he doesn't
> know who they are. He turns, **he's already got the gun out,** he
> didn't mean to draw the gun on anyone, but he turns and he has the
> gun."

20 Transcript p. 35 (emphasis added).

21 The Court does not view the isolated statement by counsel as the "clear cut" admission as
22 argued by defendants in their motion. In reviewing the transcript, plaintiffs' counsel was making an
23 argument during rebuttal and made the statement in response to a defense counsel's arguments.
24 Plaintiffs' argument is that, consistent with the evidence, the statement means Stephen had his gun
25 "out of the trunk" of the car; counsel did not argue the Stephen had unholstered his gun, wholly or
26 partially, when he turned from the trunk.

27 Reading the transcript in light of the argument and the evidence presented in the summary
28 judgment motion, plaintiffs have proffered a reasonable interpretation and meaning of the statement

6

1  "he's already got the gun out."  Indeed, this statement does not admit Stephen had his gun
2  **unholstered**.  At a minimum, the statement is ambiguous as to its meaning.  All reasonable inferences
3  must be drawn in the opposing party's favor both where the underlying facts are undisputed (e.g.,
4  background or contextual matters) and where they are in controversy.  *Eastman Kodak Co. v. Image*
5  *Technical Services, Inc.,* 504 U.S. 451, 112 S.Ct. 2072 (1992); *McSherry v. City of Long Beach*, 584
6  F.3d 1129, 1135 (9th Cir. 2009) (At the summary judgment stage, the nonmovant's version of any
7  disputed issue of fact is presumed correct), *cert. denied,* 131 S.Ct. 79 (2010).

8  The Court finds that even if it disregarded proper judicial hierarchy and reviewed the Ninth
9  Circuit's decision, this Court would not exercise discretion to reconsider the motion for summary
10 judgment based upon counsel's "admission." The statement is not clear and unambiguous.  The
11 "admission" by counsel does not state with clarity that Stephen in any way unholstered the gun when
12 he turned from the trunk of the car.  Stephen's movements and what the officers saw when he turned
13 from the trunk was the subject of substantial briefing, argument and petitions for rehearing at the
14 Ninth Circuit.  The Ninth Circuit held that disputed issues of fact existed.  Counsel's statement does
15 not raise legitimate grounds to reconsider the summary judgment motion.

16 Further, the Court notes that defendants raised this precise issue with the Ninth Circuit in their
17 petition for rehearing.  In June 2013, defendants filed the petition for rehearing.  The petition argued
18 that "Appellants' counsel, at oral argument, conceded that Stephen was not merely standing still, but
19 rather he reached for and grabbed his handgun prior to the Officers firing at him contrary to the panel's
20 speculation otherwise." (Petition for Rehearing, p.12.)  Defendants argued that summary judgment on
21 the Fourth and Fourteenth Amendments was correctly granted even assuming plaintiffs' version of the
22 facts.  While defendants did not seek an "admission" of facts in the petition for rehearing, defendants
23 nonetheless raised the issue for the Ninth Circuit's consideration.  It is not for this Court to second-
24 guess the Ninth Circuit's express mandate.
25 /////
26 /////
27 /////
28 /////

7

**Order**

For the foregoing reasons, the Motion for Reconsideration is DENIED. The Court will issue a Final Pretrial Order once the parties have submitted their joint statement as required by the Pretrial Order. (Doc. 172).

IT IS SO ORDERED.

Dated: **September 13, 2013**        /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE