UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WILLIS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF FRESNO, *et al.*,<br><br>　　　　Defendants. | Case No.: No. 09-cv-01766-BAM<br><br>**TENTATIVE RULINGS ON PARTIES' MOTIONS IN LIMINE** |

　　　　To focus and expedite the hearing on the motions in limine, the Court provides the following brief tentative rulings:

**Tentative rulings as to Plaintiffs' Motions:** #1: Deny. No real issue with qualifications and he is qualified to testify as to police practices. Testimony of police practices expert that officers violated or conformed to law enforcement standards are within proper area of expert testimony and may be received. An expert may rely on hearsay, but is not entitled to admit hearsay. Tactical briefing goes to weight not admissibility, and can be subject of cross. That Mr. Callanan went off on areas in his deposition he admits are not his expertise may be the result of questions. Experts may testify only within the scope of their expertise. Mr. Callanan may not, as he himself conceded in his deposition, testify as to the ultimate issue here—whether Defendants used excessive force on Stephen. He can be cross examined on assumptions made. The report is hearsay, as generally, are expert reports. (See Defendants' #9)

#2 Opinion 1: Grant, whether the officers "perceived" Stephen as a threat is not an opinion which requires an expert. The jury may draw its own conclusion. Opinion 3: Grant on conduct in life and shorter life span. Opinion is based on very isolated events, is speculative and Rule 403. Opinion 2. The Court has questions.

#3 Partially Grant/Deny. A disclosed unretained expert may testify as to his percipient knowledge and may testify as an expert as to what he perceived, but cannot testify to issues not within his observations and testing.

#4 Deny. No real challenge to qualifications. Experts can rely on autopsy and coroner report. He can be cross examined on assumptions made. The Court has questions about the gunshot to the arm.

#5 Deny. Current drug/alcohol use is relevant to what defendants saw/heard and how they reacted. Past drug use is relevant to life expectancy and noneconomic damages. The court is concerned with 403 issues.

#6 Deny. Relevant and admissible if based on personal observation.

#7 Grant. The incidents are isolated and do not demonstrate a "pattern" because prior incidents are dissimilar to shooting incident. Prior incidents are classic character evidence and are sought to show Stephen acted in conformity. 404(b). Incidents are irrelevant to family relationship; irrelevant to negligent entrustment.

#8 Deny. Evidence is disputed whether broadcast was known. Goes to state of mind to the extent these or other officers were aware of broadcast.

#9 Deny as premature.

#10 Hold in abeyance – if public record exception can be established as to the report, assuming report is being sought to be admitted. Grant as to the testimony; Villalvazo was not designated as an expert. He can testify as to what he saw, heard, did, and counted, etc. He may not opine as to law enforcement practices or opine as to who fired on whom. That is expert testimony and not a lay opinion.

#11 Hold in abeyance. It may be relevant to impeachment. The court is concerned with 403 issues.

#12 Grant. Rule 26(a)(2)(c).  The subject matters of these witnesses were not disclosed.  While potentially harmless, it is unclear if any or all were not deposed.

#13 Grant.  Unopposed. No statements by either party about city's finances or about tax payers paying the judgment.

#14 Grant. Unopposed. No statements by either party that plaintiffs are represented by S.F. attorneys.

**Tentative rulings as to Defendants' Motions:** #1: Grant. Unopposed. While this motion is vague, it is unopposed, and therefore evidence and witnesses by either party not disclosed in discovery are precluded.

#2 Grant. Unopposed.  The parties are precluded from making statements raised in the motion.

#3 Grant. Unopposed.

#4 Grant. Unopposed.

#5 Grant. At the hearing, the parties shall address their positions whether experts and excused witnesses are excluded.

#6 Grant. Unopposed.

#7 Deny.  The motion is overly broad and nonspecific.  Plaintiff seeks to introduce a training certificate of Catton.  The jury will be asked to decide on the "reasonableness" of the officer's actions, in light of all the circumstances, and education and training are relevant and not within the issues of the peace officer privacy.

#8 Grant. Unopposed, with the exception of #7.

#9 Hold in abeyance. The court cannot rule on the unanticipated testimony, or as plaintiffs term it, "sound bites."  If this expert, or any expert, will be testifying that the force was "excessive" or "reasonable," that testimony is the ultimate issue and will be precluded.  While expert opinion on the ultimate issue is not per se improper, here "excessive force" or "reasonableness" requires an assessment of credibility of witnesses, differing factual scenerios, etc.  An expert may testify as to the assumptions made, but not on the credibility of evidence relied upon.

#10 Denied.  The assumptions he relies upon go to weight not admissibility.  Witnesses however are precluded from commenting on credibility of other witnesses or evidence.

#11 Denied.  Since fermentation is a recognized scientific phenomenon, whether to test tissue is an assumption by the expert and he can be cross examined on assumptions made.  Defendant disputes whether fermentation can occur within 23 hours – goes to weight not admissibility. Widmark equation: It is a scientific method widely used, but defendants say there is a dispute as to its reliability.  The methodology is one regularly employed, but is disputed as to accuracy – which goes to weight not admissibility. As a general proposition, the court cannot evaluate differences in scientific methodologies as being "more accurate" over another, and factual assumptions are subject to cross examination.

#12 Grant. Unopposed

#13 The Court has questions.

#14 The Court has questions.

#15 Deny. This motion is a re-argument of the denial of reconsideration, even with the factual clarification (gun to the chest).  The court will take no further argument on it.

#16 Deny at this point, provided authentication is sufficient that photo is what it is purported to be.  The photos are relevant. Deny the Rule 403 – body/gun movement can be explained.

#17 Grant.  Plaintiffs may use them for examination of witnesses, but the autopsy photos will not be admitted or published to the jury. Rule 403.

#18 Grant. Rule 403 and plaintiffs' perceptions are irrelevant.

#19 Deny.  This court cannot rule on disputed scientific evidence in limine. Plaintiffs proffer evidence which will contradict defendants' evidence.  Testimony is subject to cross examination.

#20 Grant. Stephen's pain and suffering and hedonic damages are not recoverable in this District. This court will not depart from the line of cases that predominate in this district.  This ruling will promote consistency, provide certainty in cases, and avoid judge shopping.  As to plaintiffs' P&S and ED, California cases have uniformly held that damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action.

#21 Grant. Unopposed.

#22 Deny. Too broad and non-specific as to evidence.  Objections may be made at the time of trial.

#23 Grant.  Unopposed, however, the court will seek clarification on the categories of damages contemplated by the motion.

#24 Moot.  Granted in Pretrial Order.

#25 Deny. Too broad and impermissibly vague. Objections may be made at the time of trial.

#26 Deny.  The Court cannot determine if the responses are relevant.  Dyer is listed as a witness.

#27 Grant.  Unopposed.  Neither party may refer to this evidence.

IT IS SO ORDERED.

Dated: **November 18, 2013**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE