1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10                EASTERN DISTRICT OF CALIFORNIA

11

12  CHRIS WILLIS, *et al.,*            Case No. 1:09-cv-01766-BAM

13              Plaintiffs,
                                       **ORDER ON MOTIONS IN LIMINE**
14       vs.                           **(Doc. 176, 178.)**

15  CITY OF FRESNO, *et al.*,

16              Defendants.
    _____/

17

18     On November 19, 2013, this Court conducted a hearing on the parties' Motions in Limine.

19  (Doc. 176, 178.) Counsel Peter Koenig and Walter Walker appeared in person for Plaintiffs. Counsel

20  James Weakley and Roy Santos appeared in person for Defendants. The Court read and reviewed

21  Plaintiffs' and Defendants' Motions in Limine, Oppositions thereto, and supporting documents. The

22  Court further considered the arguments of counsel on the record. The Court ruled from the bench on

23  the following motions and incorporates those rulings herein. For the reasons described on the record

24  and in this order, the Court issues the following order on the parties' Motions in Limine.

25
26
27  /././
28

1

**PLAINTIFF'S MOTIONS IN LIMINE**

**1.    Motion to Exclude Testimony by Defendants' Expert Witness Joseph Callanan**

Plaintiff moves to exclude Defendants' expert, Joseph Callanan, from offering opinion testimony outside the scope of his qualifications that are speculative or based on hearsay.

To the extent Plaintiff seeks to exclude opinion testimony that the actions of Officers Catton and Astacio conformed to standard police practices, the Court DENIES this motion. Callanan is qualified to testify to police practices, and testimony that Officers Catton and Astacio conformed to law enforcement standards is within the scope of Callanan's expertise.

An expert's opinion based on hearsay is admissible if the underlying facts or data are the type reasonably relied on by experts. The underlying hearsay generally is not admissible. To the extent Callanan's opinions are based on the tactical debriefing, this circumstance goes to the weight of Callanan's testimony, rather than admissibility. Moreover, Callanan's opinions based on hearsay statements, tactical debriefing or assumptions made are subject to cross-examination.

Callanan may not testify to matters outside his expertise or the ultimate issue in this case; i.e., whether Defendants used excessive force on the night of the shooting and whether their conduct was reasonable. Those opinions are reserved for the jury.

**2.    Motion to Exclude Testimony By Defense Witness Kris Mohandie, Ph.D.**

Plaintiff moves to preclude Defense expert Kris Mohandie, Ph.D. from offering opinions on the following subjects:

**A.    Officers' perception that Stephen Willis posed an immediate danger**. This motion is GRANTED. Whether the officers "perceived" Stephen as a threat is not an opinion that requires an expert. Moreover, this opinion is not helpful because it usurps a conclusion properly reserved for the jury.

**B.    Officers' fear and psychophysiological reaction to the shooting.** This motion is DENIED. As a licensed clinical psychologist with experience treating patients of officer-involved shootings and other traumatic events, Dr. Mohandie is qualified to offer general opinions on the psychophysiological reactions involved in officer shootings. Dr. Mohandie, however, may not opine or speculate to the specific psychophysiological reactions of Officers Catton and Astacio on the night of

the shooting.

**C.    The factors that precipitated decedent's death and made him likely to have a shorter lifespan and As to Any Mental Disorder.** This motion is GRANTED. Dr. Mohandie's opinions in this regard are speculative and without any reliable foundation other than anecdotal accounts of isolated incidents. Moreover, these opinions should be excluded under Fed. R. Evid 403 and 404.

**3.    Motion to Exclude Testimony By Any Witness Other Than Retained Expert Toxicologists to Decedent's Post-Mortem Blood Alcohol Level.** This motion is GRANTED IN PART. A disclosed, unretained expert may testify as to his percipient knowledge and may testify as an expert as to what he perceived, however, he may not testify to issues not within his observations and testing. As to Mineral Laboratories witnesses, they will be limited to opinions formed during the toxicology evaluation.

**4.    Motion to Exclude Testimony By Defense Witness Vincent DiMaio**

Plaintiffs move to exclude Defendants' expert, Vincent DiMaio, from offering opinion testimony outside the scope of his qualifications that are speculative or based on hearsay. This motion is DENIED. Plaintiffs do not meaningfully challenge DiMaio's qualifications. An expert's opinion based on hearsay is admissible if the underlying facts or data are the type reasonably relied on by experts. The underlying hearsay generally is not admissible. To the extent Di Maio's opinions are based on the autopsy or coroner report, DiMaio can be cross-examined on his assumptions. Plaintiffs' concerns go to the weight of DiMaio's testimony rather than admissibility.

**5.    Motion to Exclude References to Decedent's Prior Drug or Alcohol Use**

Plaintiff seeks to exclude any reference to Steven's prior drug and alcohol use, as well as any reference as to whether Stephen was under the influence of drugs or alcohol on the night of the shooting. This motion is DENIED.

Whether Plaintiff was under the influence of drugs and/or alcohol on the night of the shooting is relevant towards his interaction with Officers Catton and Astacio. Steven's past drug and alcohol use is relevant towards Plaintiffs' damages. However, evidence of Steven's past drug and alcohol use will be limited to opinion and reputation testimony. Specific instances of past drug and alcohol use

will not be admitted, depending on how the evidence unfolds at trial.

**6.     Motion to Exclude Lay Witness Testimony As To Their Belief That Steven Was Intoxicated The Night of the Shooting**

This motion is DENIED.  Lay testimony that Stephen appeared to be under the influence of drugs and/or alcohol is relevant and admissible under Fed. R. Evid. 701.  Specifically, as to Chris Zimmerman, lay witness testimony in this regard is limited to personal observations.

**7.     Motion to Preclude Reference to Stephen's Prior Incidents With Law Enforcement, Confrontations With Others, and Other "Bad" or "Aggressive" Behavior**

The motion is GRANTED as to prior arrests, contacts with law enforcement and confrontations at Stoney Brook Apartments.  At the hearing, Defendants requested the court permit one specific act, a February 2009 incident, to be referenced.  Defendants argue the incident is similar, not remote, and admissible to prove Stephen's motive, intent, absence of mistake, state of mind, intent and bias.  (Doc. 183 p.16-21.)  Stephen purportedly aggressively confronted two security guards after being flashed with a flashlight and then threatened to go get his gun and shoot them.  The Court took the request under submission and orders as follows.

The general rule is that character evidence is not admissible when offered to prove that on a particular occasion the person acted in accordance with the character or trait.  Fed.R.Evid. 404(a)(1). Evidence of other crimes, wrongs or acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). But such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  404(b)(2).  Evidence is offered for a proper purpose under Rule 404(b) if it is probative of a material issue other than character. *Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499 (1988).

The test for admitting evidence under Rule 404(b) is whether: (1) it tends to prove a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the person committed the act; and (4) probative value of the evidence must not be substantially outweigh by unfair prejudice. *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288–89 (9th Cir.1996). Evidence is "material" to any issue if it shows some fact specifically relevant to the case at hand.

4

1 *United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000).

2     Defendants argue the incident is relevant to prove a whole panoply of purposes: "Stephen's
3 motive, intent, absence of mistake, lack of accident, state of mind and bias." (Doc. 183 p.1:1-2.)
4 Defendants argue the incident goes to the required elements of Officers Catton and Astacio's self-
5 defense claim. *Id.* Defendants cite a string of cases which they argue permit admission of the type of
6 evidence offered. The Court agrees that there are specific types of things which character evidence can
7 be used to show, but none of them are applicable here.

8     In *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987), the court held that evidence of a plaintiff's
9 prior arrest by the police department against whom plaintiff was bringing a Section 1983 action was
10 admitted to show that the plaintiff was biased against the defendants as the motive for bringing the law
11 suit. Stephen's motive is not at issue. The incident defendants seek to introduce does not involve the
12 Fresno Police Department.

13     Defendants argue that self-defense is at issue and therefore intent, absence of mistake, lack of
14 accident, state of mind and bias are relevant. (Doc. 183 p.21.) Whether by asserting self-defense a
15 party raises these issues must be determined on a case-by-case basis. Merely by raising a claim of self-
16 defense, a party does not pave the way to general introduction of character evidence. A case cited by
17 defendants, *Perrin v. Anderson,* 784 F.2d 1040 (10th Cir. 1986), involved a § 1983 action where the
18 issue of the plaintiff's character for violence was relevant and admitted to address the elements of self-
19 defense claim, i.e., who was the aggressor, but could not be proved by specific acts. The court in
20 *United States v. Keiser*, 57 F.3d 847, 853 (9th Cir.), *cert. denied*, 516 U.S. 1029, 116 S.Ct. 676, 133
21 L.Ed.2d 525 (1995), disagreed with *Perrin* and held that a victim's character or violent nature is not
22 essential to a successful claim of self-defense. Although *Keiser* was self-defense case, the issue in
23 Keiser was not whether the victim's specific acts were admissible to show *the defendant's state of*
24 *mind*, but rather whether the victim's specific acts were admissible to show the victim's *propensity*
25 towards violence. *Keiser*, 57 F.3d at 853. The court precluded the specific acts. The court held that
26 the evidence would have been relevant to show the victim's propensity for violence, to support the
27 defendant's claim that the victim was the aggressor, but held that only reputation or opinion evidence
28 could come in for that purpose, not evidence of specific acts. Id. at 853-55

5

1       Here, if this were self-defense case, and assuming this case is a self-defense case, the state of
2  mind of defendants (here Officers Catton and Astacio) is relevant; what the officers perceived, how
3  they acted and what they did is at issue.  Stephen's state of mind or intent is not material to any issue
4  in the claims or defense.  Whether the officers responded objectively reasonable is at issue.  Stephen's
5  state of mind or intent is not at issue in this excessive force case, and thus specific prior acts evidence
6  is not admissible on the basis that it is probative of his intent.

7       The case primarily relied upon by defendants is *Boyd v. City and County of San Francisco*, 576
8  F3d 938 (9th Cir. 2009) which involved a suicide by cop defense.  The Ninth Circuit permitted
9  evidence of decedent's prior bad acts to be admitted because the evidence made it more probable that
10 the decedent was trying to provoke a police shooting rather than surrender.  In a suicide by cop
11 defense, the intent of the decedent is in issue.  Defendants had argued that the prior incidents showed
12 decedent's plan or intent to have the police cause his death.

13      Here, Stephen's motive or intent is not at issue, as it was in *Boyd*.  Stephen's absence of
14 mistake or accident is at not at issue.  The court does not read *Boyd* as broadly as argued by
15 defendants.  Whether the officers acted objectively reasonable is the issue in the case, which does not
16 turn on Stephen's prior acts.  See *Davis v. Mason County*, 927 F.2d 1473, 1484 (9th Cir.1991) (in
17 section 1983 excessive force case, evidence offered by defendant, in order to show plaintiff's
18 proclivity for violence, that plaintiff was involved in drunken altercation five days before the incident
19 in question inadmissible under Rule 404(b)).

20      Under the facts of this case, the excessive use of force claims and defenses do not require an
21 inquiry into the character of the alleged victim; there is no allegation that Stephen, through aggressive
22 conduct, actually provoked the assault. The focus is on the actions of the officer who allegedly used
23 excessive force and not on the character of the alleged victim.  The evidence is offered to show
24 Stephen was "more than likely" the aggressor and drew his gun on the officers. The evidence is a
25 veiled attempt to show that Stephen as the aggressor because he had the propensity to do so.

26      Further, under Rule 403, the Court must balance the probative value of Stephen's past acts
27 against its prejudicial effect. The Court agrees with Plaintiffs that any probative value the evidence has
28 is substantially outweighed by the potential that the jury would consider such evidence beyond the

6

1 purpose for which it would be admitted-even with a limiting instruction.

2 **8.     Motion to Preclude Reference To Fresno Police Radio Broadcast Regarding Reckless**
3 **Driver**

4 Plaintiffs move this Court for an order precluding any reference to a police radio call about
5 a reckless driver in a black two-door Nissan on the night of the shooting because it is undisputed that
6 the call did not relate to Stephen's car.

7 This motion is DENIED WITHOUT PREJUDICE. The parties dispute whether Officers
8 Catton and Astacio were aware of the radio broadcast prior to encountering Stephen. Whether
9 Officers Catton and Astacio were aware of the radio broadcast, and when, is relevant towards their
10 state of mind during their encounter with Stephen.

11 **9.     Motion to Preclude Reference to a March 16, 2011 Firearm Video**

12 Plaintiffs seek to exclude a video of an unidentified individual using the revolver recovered at
13 the scheme of the subject incident, allegedly owned by Stephen, claiming the video lacks foundation
14 and has not been authenticated.

15 This MOTION IS DENIED WITHOUT PREJUDICE. Defendants will be afforded the
16 opportunity to lay the proper foundation and authentication of the video at trial.

17 **10.    Motion to Preclude Testimony By Raymond Villalvazo**

18 Plaintiffs seek to exclude the testimony of Officer Raymond Villalvazo, whose report includes
19 his personal observations from the crime scene, statements of other officers, and opinions concerning
20 the subject incident that draw upon his personal observations and the opinions of others.

21 This Motion is GRANTED IN PART. Officer Villalvazo may testify as to what he personally
22 observed. Officer Villalvazo was not designated as an expert; thus, he may not opine on law
23 enforcement practices. Officer Villalvazo's opinions as to what occurred the night of the shooting are
24 based on inadmissible hearsay statements. These statements – given hours after the incident, after an
25 opportunity for reflective thought -- are not exempted under the hearsay rule as present sense
26 impression (Fed. R. Evid. 803(1)) or excited utterance (Fed. R. Evid. 801(2)). Officer Villalvazo's
27 testimony will be limited to his personal observations.

28

**11.     Motion to Preclude Reference To Jennifer Uribe's Medical Records, Medical Treatment or Defense Neuropsychological Evaluation**

This motion is DENIED WITHOUT PREJUDICE.  The Court has serious concerns such evidence would be unfairly prejudicial pursuant to Fed. R. Evid 403.  However, the probative value of such records and testimony – specifically, testimony concerning Ms. Urbe's memory – could outweigh the prejudice for impeachment purposes.

**12.     Motion to Preclude Any Opinion Testimony of Experts Not Properly Designated By Defendants**

This motion is GRANTED IN PART. Subject to the following exception, the opinion testimony of any expert not properly designated is excluded.  Treating physicians appearing as non-retained experts, however, may offer testimony limited to knowledge obtained from their treatment, testing and general knowledge of Plaintiffs.

**13.     Motion to Preclude Testimony or Statements regarding the City of Fresno's Financial Status Or That A Verdict For Plaintiffs Will be Paid By Taxpayer Dollars**

This motion is GRANTED as unopposed. Statements by either party about the City of Fresno's finances or about tax payers paying a potential judgment will not be permitted.

**14.     Motion to Preclude Any Reference to Plaintiffs' Representation By San Francisco Attorneys**

This Motion is GRANTED as unopposed. Statements by either party that Plaintiffs' are represented by attorneys from San Francisco will not be permitted.

**DEFENDANTS' MOTIONS IN LIMINE**

**1.     Motion to Preclude Evidence Not Produced During Discovery**

This Motion is GRANTED. Plaintiffs do not oppose this Motion.

**2.     Motion to Preclude Improper Comments Regarding Damages**

This Motion is GRANTED.  Plaintiffs do not oppose this Motion. The parties are precluded from making statements concerning damages as described in Defendants' Motion in Limine No. 2.

**3.      Motion to Preclude Evidence of Liability Insurance**

This Motion is GRANTED. Plaintiffs do not oppose this Motion.

**4.      Motion to Preclude Evidence of Indemnification of Defendant Officers Greg Catton and Daniel Astacio By the City of Fresno**

This Motion is GRANTED. Plaintiffs do not oppose this Motion.

**5.      Motion to Exclude Non-Party Witnesses From Courtroom**

This Motion is GRANTED IN PART.  Excused witnesses shall be permitted to observe these proceedings.

**6.      Motion to Preclude Evidence of Any Other Lawsuit Against Defendant Officers Greg Catton, Officer Daniel Astacio, The City of Fresno and/or Any Other Fresno Police Department Employee**

This Motion is GRANTED as unopposed.

**7.      Motion to Preclude Questions Regarding Personnel Matters, Prior Complaints Concerning Job Performance, Prior Disciplinary Issues As To Fresno Police Officers.**

This Motion is DENIED.  The Motion is overly broad, nonspecific and would likely preclude relevant evidence.

Additionally, Plaintiff represent they seek to use *one* document falling within the purview of this Motion: Officer Catton's Municipal Police Basic Certificate, bearing Bates Number DX00046. Plaintiffs additionally represent they will question *only* Officer Catton about his educational and employment background leading up to the shooting. Information concerning Officer Catton's educational and employment background leading up to the shooting is relevant to the reasonableness of his actions during the subject incident.

Plaintiff additionally requests the Court lift the protective order as it applies to the above-referenced Certificate. The Certificate does not infringe Officer Catton's privacy concerns nor does it implicate matters sought to be protected by the protective order. The Court GRANTS Plaintiffs request and UNSEALS Officer Catton's Municipal Police Basic Certificate, bearing Bates Number DX00046.

**8.     Motion to Preclude Plaintiffs From Making Any Reference to Alleged Inadequate Training, Supervision or Hiring At the City of Fresno and/or Fresno Police Department**

This Motion is GRANTED IN PART. Plaintiffs do not oppose this Motion, except as to the document referenced in Motion Number 7.

**9.     Motion to Preclude Plaintiffs' Retained Expert Stephen D'Arcy From Giving An Opinion Regarding Factual Determinations, Credibility of Witnesses, Legal Conclusions and From Giving Opinions Which Lack Foundation.**

This Motion is DENIED WITHOUT PREJUDICE. The Court can not anticipate D'Arcy's precise testimony. An expert may testify as to his assumptions, but may not provide an opinion on the credibility of evidence or witnesses or opine on the ultimate issue in this case – the "reasonableness" of Officers Catton and Astacio's actions, or whether "excessive force" was used. The assumptions underlying D'Arcy's opinions go to weight rather than admissibility and are subject to cross-examination.

**10.    Motion to Preclude Plaintiffs' Retained Expert Alan Barbour From Offering Opinions or Testimony Regarding the Credibility of Witnesses and/or Evidence**

This Motion is DENIED WITHOUT PREJUDICE. The Court can not anticipate Dr. Barbour's precise testimony. An expert may testify as to his assumptions, but may not provide an opinion on the credibility of evidence or witnesses or opine on the ultimate issue in this case – the "reasonableness" of Officers Catton and Astacio's actions, or whether "excessive force" was used. The assumptions underlying Dr. Barbour's opinions go to weight rather than admissibility and are subject to cross-examination.

**11.    Motion to Preclude Plaintiffs' Retained Expert Alan Barbour From Offering Opinions or Testimony Regarding Fermentation of Stephen Willis' Blood and/or Estimates of Stephen's Blood Alcohol Content At His Time of Death**

This Motion is DENIED. Defendants' Motion is based on the following objections to Dr. Barbour's testimony: (1) assumptions made; (2) failure to conduct physical tests; and (3) the use of the Widmark equation, which Defendants maintain is an unreliable methodology.

Fermentation is a recognized scientific phenomenon and Dr. Barbour's decision not to test Stephen's tissue and assume fermentation took place is an assumption that can be cross-examined. Defendants others objections concerning Dr. Barbour's assumptions go to weight, not admissibility, and are also subject to cross-examination.

Defendants' concerns as to the accuracy of the Widmark Equation go to weight, not admissibility. The Widmark Equation is a scientific method that is regularly employed. Evaluating the differences among, and weight attributed to, the various scientific methodologies is a function of the jury.

**12.    Motion to Preclude Non-Disclosed Expert Witnesses From Offering Expert Opinions or Testimony**

This Motion is GRANTED. Plaintiffs do not oppose this Motion.

**13.    Motion To Preclude Transcripts of Audio Recorded Interviews During the Officer Involved Shooting Investigation**

This Motion is GRANTED IN PART. Due to authentication, foundation and reliability concerns, the Court will not admit these transcripts into evidence. However, the Court *may* permit to jury to review these transcripts while the audio recordings of these interviews are entered into evidence. The Court will review the transcripts in conjunction with the audio recordings and make a final determination on this issue at trial.

**14.    Motion to Preclude the Audio Recorded Interviews of Officers Greg Catton and Daniel Astacio Taken During the Officer-Involved Shooting Investigation.**

This Motion is DENIED. The audio recorded statements of Officers Catton and Astacio are party admissions pursuant to Rule 801(d)(2). As to the audio recorded statements of Officers Cerda, Jacobo, and Reyes, Defendants object on the grounds of hearsay. The audio recorded statements, if offered for the truth, are hearsay. Rule 801. Nonetheless, the City of Fresno remains a party. The statements may qualify as nonhearsay under 801(d)(2) if the requisites are met. The Court cannot determine if the recordings are present sense impressions and meet the requirements. 803(1). At this point, the Court does not know if the recordings relate hearsay of others or narrate perceptions of the officers. Also, the Court cannot determine the time frame in relation to the event. The recordings are

not excited utterances because the statements are not contemporaneous with the shooting incident. 803(2).

**15.     Motion to Preclude Plaintiffs From Offering Testimony Or Argument that Stephen Did Not Reach For His Gun Prior To Officers Catton and Astacio Discharging Their Firearms**

This Motion is DENIED. The Court previously ruled on this matter when it denied Defendants' Motion for Reconsideration.

**16.     Motion to Preclude All Photographs of Stephen Willis and the .38 Caliber Handgun At the Stony Brook Apartments After the Subject Incident**

This Motion is DENIED. Assuming proper authentication, the photos are relevant. Concerns that the body and/or gun were moved from their original position do not prejudice Defendants under Fed. R. Evid. 403.

**17.     Motion to Preclude All Autopsy Photographs of Stephen Willis**

This Motion is GRANTED IN PART. The probative value of the autopsy photos is substantially outweighed by the unfair prejudice of admitting them under Fed. R. Evid. 403. While the photos will not be admitted or published to the jury, they can be used for examination of the witnesses.

**18.     Motion to Preclude Evidence, Testimony or Argument Alleging Officers Catton and Astacio Murdered Stephen**

This Motion is GRANTED. Plaintiffs' "reflection of their view of the shooting" is irrelevant and prejudicial under Fed. R. Evid. 403.

**19.     Motion to Preclude Evidence, Testimony or Argument that the Last Shot Fired by Officer Catton Killed Stephen**

This Motion is DENIED. The Court will not rule on disputed scientific evidence in limine. Plaintiffs proffer evidence which will contradict Defendants' evidence. The testimony of both parties' scientific evidence is subject to cross-examination.

/./././

**20.     Motion to Preclude Evidence, Testimony or Argument Regarding Stephen's Pain and Suffering and Emotional Distress; Stephen's Hedonic Damages and Plaintiffs' Pain and Suffering and Emotional Distress**

This Motion is GRANTED. Courts in the Eastern District of California have consistently upheld this limitation on damages. This Court will not depart from the line of cases that predominate in this district. This ruling will promote consistency, provide certainty in cases, and avoid judge shopping. Stephen's pain and suffering and hedonic damages are not recoverable.

**21.     Motion to Preclude Evidence, Testimony or Argument Regarding Plaintiffs' Post-Indictment Interactions With the Fresno Police Department, the City of Fresno, or Another Related Department Concerning Mistreatment of Plaintiffs**

This Motion is GRANTED as unopposed.

**22.     Motion to Preclude All Media Coverage Including But Not Limited to Viedo, Audio And Typographical Accounts of the Subject Incident**

This Motion is DENIED.  The Motion is too speculative and non-specific.  Objections may be made at the time of trial.

**23.     Motion to Preclude Evidence Pertaining to Future Economic Losses**

This Motion is GRANTED as unopposed.

**24.     Motion For an Order Bifurcating Liability and Punitive Damages**

This Motion is DENIED as moot.  The Motion was already granted in the pretrial order.

**25.     Motion to Preclude Plaintiffs' Counsel From Making Improper Fact Based Questions**

This Motion is DENIED.  The Motion is too broad and impermissibly vague. Defendants may offer their objections during trial.

**26.     Motion to Preclude Plaintiffs and Their Counsel From Presenting Testimony and/or Evidence Regarding Chief Dyer's Discovery Responses**

This Motion is DENIED. The Court cannot determine if Chief Dyer's responses are relevant at this time, and Chief Dyer is listed as a witness.

**27.      Motion to Preclude Plaintiffs From Presenting Testimony and/or Evidence Regarding the Expert Report and Supplemental Expert Report of Plaintiffs' Formerly Retained Expert Jaco Swanepoel**

     This Motion is GRANTED as unopposed.  Neither party may refer to this evidence.

IT IS SO ORDERED.

Dated:   **November 21, 2013**                    /s/ Barbara A. McAuliffe
                                                         UNITED STATES MAGISTRATE JUDGE