UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WILLIS, MARY WILLIS, INDIVIDUALLY AND SUCCESSORS IN INTEREST TO STEPHEN WILLIS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, OFFICER GREG CATTON, and OFFICER DANIEL ASTACIO,<br><br>Defendants. | CASE NO. 1:09-CV-01766-BAM<br><br>**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**<br>**(Doc. 317)** |

## I.   INTRODUCTION

Currently before the Court is Plaintiffs' Motion for Reconsideration of the Court's Order Granting in Part Plaintiff's Motion for Attorneys' Fees. (Doc. 316, 317.) Defendants oppose the motion. (Doc. 318.) The Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g), and took the matter under submission on August 20, 2014. (Doc. 326.) Having carefully considered the parties' briefs, as well as the entire record in the case, Plaintiffs' Motion for Reconsideration is DENIED.

## II.   BACKGROUND

A.   **Factual Background**

On March 28, 2009, Stephen Willis was fatally shot by Defendants Greg Catton and Daniel Astacio, who are Officers with the Fresno Police Department. Stephen Willis's parents, Chris and Mary Willis ("Plaintiffs"), allege that Stephen Willis's Fourth Amendment rights were violated as a result of the shooting. Plaintiffs further allege that Officer Catton and Officer Astacio were negligent in causing the death of Stephen Willis.

Following over four years of extensive litigation and a ten-day jury trial, the jury returned a verdict finding that Officer Catton used excessive force in violation of Stephen's Fourth Amendment rights, and Officer Catton was negligent in causing Stephen's death. The jury found Officer Astacio was not liable on Plaintiffs' Fourth Amendment and negligence claims. On Plaintiffs' Fourth Amendment claim, the jury awarded $1 in nominal damages. On Plaintiffs' wrongful death claim, the jury awarded funeral and burial expenses in the amount of $10,224.00, and further awarded Plaintiffs $1,500,000.00 in compensatory damages. The jury also made a finding of comparative negligence, and determined that Stephen Willis was eighty percent responsible for his injuries. On January 31, 2014, the Court entered judgment in favor of the Plaintiffs, and awarded Plaintiffs $1 on Plaintiffs' Fourth Amendment claim, and $302,044.80 (20% of $1,510.224.00) on Plaintiffs' wrongful death claim. (Doc. 251.)

Following the Court's denial of several post-trial motions on the merits of Plaintiffs' claims, Plaintiffs moved for attorneys' fees and expenses pursuant to 42 U.S.C. § 1988. (Doc. 299.) Plaintiffs requested $2,787,664.32 in fees and costs, which included a lodestar multiplier of 1.5. (Doc. 299, Attach. 1, 32: 13-18.) Defendants opposed the Motion. (Doc. 305.) After carefully considering the parties' arguments and the relevant legal authorities, the Court awarded Plaintiffs $717,652.74 in attorneys' fees and $106,852.20 is costs. (Doc. 316, 41: 3-5.)

B.   **The Parties' Arguments**

On July 22, 2014, Plaintiffs moved for reconsideration of the Court's Order granting Plaintiffs Motion for Fees and Costs. (Doc. 317.) Plaintiffs do not take issue with any aspect of the Court's order other than the Court's apparent failure to include Plaintiffs' fees relating to

their Reply Brief in support of Plaintiffs' Motion for fees and costs. Plaintiffs argue they are entitled to an additional 80.1 hours of work done on the reply brief, resulting in an additional fee award of $25,556.00. (Doc. 317, 3: 13-17.) Plaintiffs argue the Court's failure to include these fees was clear error and warrants reconsideration.

Defendants oppose reconsideration of the Court's Order granting Plaintiffs' fees and costs. (Doc. 318.) Primarily, Defendants argue the number of hours Plaintiffs expended on the fee motion was excessive, and Plaintiffs should not be awarded any more than they already have been granted.[1]

### III.   DISCUSSION

**A.   Legal Standard**

Eastern District Local Rule 230(j) requires that a party moving for reconsideration show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and why the fact or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j).

To prevail on a motion for reconsideration, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hansen v. Schubert*, 459 F.Supp.2d 973, 998 (E.D. Cal. 2006). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

---

[1] Defendants also argue Ms. Lake's fees should be excluded because "Plaintiffs failed to provide any evidence or convincing explanation establishing why Mr. Walker, Mr. Koenig or any other member of their firm were not sufficiently competent to prepare their attorneys' fees motion without Ms. Lake." Doc. 318, 2: 2-4. The Court has already rejected this argument in its order granting Plaintiffs' Motion for Fees and Costs, and does so here for the same reasons stated therein. *See* Doc. 316, fn. 11. Defendants go further, and argue the Court's refusal to exclude Ms. Lake's hours was error because the issue "is governed by the District precedent established in *Beecham v. City of West Sacramento*," which refused to compensate hours for outside counsel's efforts to prepare a fee motion because the counsel of record "provided no convincing explanation why Mr. Haddad and Ms. Sherwin were not sufficiently competent to prepare their attorneys' fees motion." 2009 WL 3824793 at *6 (E.D. Cal., Nov. 16, 2009) (finding fees were duplicative). The Court does not find *Beecham* controlling authority. It is axiomatic that district court decisions do not create binding precedent on other district courts. *Starbuck v. City & County of San Francisco,* 556 F.2d 450, 457 n. 13 (9th Cir. 1977); *see also Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir.1987) (District Court decisions do not create binding precedent); *Brown v. United States*, 755 F.Supp. 285 (N.D. Cal. 1990). This Court is not bound by the unpublished decision of a sister court. Further, the Court does not find *Beecham* persuasive in this circumstance; the opinion is distinguishable because the Court there found outside counsel's fees duplicative. Moreover, this Court does not micromanage the allocation of attorney resources. Rather, this Court reviews requests for compensation pursuant to the lodestar standards and awards reasonable fees.

controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2006) (internal citations omitted).

**B.     Analysis**

Here, the Court reconsiders the fee award in light of the arguments of error. The Court finds that it did not commit clear error in excluding the additional 80.1 hours.  In ruling on the original motion for attorneys' fees, the Court reviewed Plaintiffs' billing records, and estimated Plaintiffs billed approximately 200 hours on the original fee motion.[2] When the Court was evaluating a reasonable number of hours to award Plaintiffs relating to their fee motion, the Court mistakenly believed this number represented all of the hours Plaintiffs sought for all work related to the fee motion, including the reply brief.

Two-hundred hours is an extraordinary and excessive amount of time to spend on a fee motion. *See, e.g., Hall v. City of Fairfield,* No. 10-cv-0508-DAD, 2014 WL 1303612 (E.D. Cal., Mar. 31, 2014) (granting 66 hours of time expended on a fee motion, "particularly in light of the complexity of this case and the broad and far-reaching opposition to plaintiff's attorneys' fee motion filed by counsel for defendants."); *Jones v. County of Sacramento,* No. 09-cv-1025-DAD, 2011 WL 3584332, at *21 (E.D. Cal. Aug. 12, 2011) (awarding attorney's fees for 76.5 hours of time spent on plaintiff's attorneys' fees motion in a civil rights action); *Beecham v. City of West Sacramento*, No. 07-cv-1115, 2009 WL 3824793 at *6 (E.D. Cal., Nov. 16, 2009)

---

[2] Defendants argue Plaintiffs' counsel expended approximately 244.87 hours preparing Plaintiffs' initial motion for attorney's fees and costs. Granted, identifying an exact number is difficult.  Some billing entries, particularly those by Mr. Burbidge, list several discrete tasks in one given entry. For example, Mr. Burbidge may have an entry for four hours, where he states he researched authority with respect to Defendants' motion for judgment as a matter of law, both parties' motions for a new trial, as well as Plaintiffs' motion for fees. (Doc. 299, Attach. 10.) Thus, the Court cannot say with certainty how many hours Mr. Burbidge specifically billed on the fee motion in some instances.  Defendants, however, appear to have taken these aggregate task entries, only some of which relate to the fee motion, and allocated all of that time to the fee motion.  The Court disagrees with this approach. Having reviewed Plaintiffs' billing records, this Court estimates Plaintiffs billed roughly 200 hours for all the work done on the initial fee motion.

(cutting a request for 175 hours in half: "Plaintiffs' counsel cannot justify (and have not justified) the need to spend 175 hours on this motion. They are, by their own admission, experienced civil rights counsel. They have previously filed numerous motions for attorneys' fees and therefore, should have been able to prepare this motion in about half the time."); *Decampo v. Potts,* 2014 WL 788429 (E.D. Cal. 2014) (allowing 32 hours for a fee motion in an excessive force case.)

While the Court concluded 200 hours was an excessive amount, because a 35% across-the-board reduction was being applied, the Court believed it was awarding Plaintiffs approximately 130 hours for the fee motion.[3]  Including the reply brief, this Court considered 130 hours to be high, but considering the complexity of the issues Defendants raised, this Court would "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento,* 534 F.3d at 1106, 1112 (9th Cir. 2008).

However, as Plaintiffs now argue, the large number of hours did not include hours expended on the reply brief.  The Court now realizes Plaintiffs originally were requesting closer to 300 hours – almost two months of one full-time attorney's time. Reasonably competent counsel would not have required 300 hours to draft a motion for fees, a reply brief, and related attachments.  Thus, the Court reconsiders the fee application in light of the error and finds the approximately 130 hours the Court awarded to Plaintiffs is more than reasonable compensation for the work relating to Plaintiffs' Motion for Fees and Costs.

**CONCLUSION**

For the reasons discussed herein, Plaintiffs' Motion for Reconsideration is GRANTED. Plaintiffs' request to modify the Court's Order awarding attorneys' fees is DENIED.

IT IS SO ORDERED.

Dated:   **August 26, 2014**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Indeed, the Court previously acknowledged that part of the 35% reduction in Plaintiffs' fee request considered Plaintiffs' excessive hours that could not have reasonably been billed to a paying client. Doc. 316, 35: 14-23.