UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS WILLIS, MARY WILLIS, INDIVIDUALLY AND SUCCESSORS IN INTEREST TO STEPHEN WILLIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, OFFICER GREG CATTON, and OFFICER DANIEL ASTACIO,<br><br>Defendants. | Case No. 1:09-cv-01766-BAM<br><br>**ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

## I. INTRODUCTION

Currently pending before the Court is Plaintiffs' renewed motion for attorneys' fees following remand from the Ninth Circuit. (Doc. 376). On January 20, 2018, Defendants filed an opposition to the motion. (Doc. 377). Plaintiffs filed a reply on January 31, 2018. (Doc. 378). The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and took the matter under submission. (Doc. 379). Having carefully considered the parties' submissions, as well as the entire record in this case, the Court (1) GRANTS IN PART Plaintiffs' Motion for Attorneys' Fees and Costs and awards Plaintiffs **$1,141,865.70** in attorneys' fees and **$108,078.47** in costs for a total award of **$1,249,944.17**, and (2) ORDERS Defendants to bear their own fees and costs. (Doc. 376).

1

## II. RELEVANT BACKGROUND

### A. Factual and Procedural Background

On March 28, 2009, Stephen Willis was fatally shot by Defendants Greg Catton and Daniel Astacio, who are Officers with the Fresno Police Department. Stephen Willis's parents, Chris and Mary Willis ("Plaintiffs"), alleged that Stephen Willis's Fourth Amendment rights were violated as a result of the shooting. Plaintiffs further alleged that Officer Catton and Officer Astacio were negligent in causing the death of Stephen Willis.

After over four years of extensive litigation and a ten-day jury trial, the jury returned a verdict finding that Officer Catton used excessive force in violation of Stephen's Fourth Amendment rights, and Officer Catton was negligent in causing Stephen's death. The jury found Officer Astacio was not liable on Plaintiffs' Fourth Amendment and negligence claims. On Plaintiffs' Fourth Amendment claim, the jury awarded $1 in nominal damages. On Plaintiffs' wrongful death claim, the jury awarded funeral and burial expenses in the amount of $10,224.00, and further awarded Plaintiffs $1,500,000.00 in compensatory damages. However, the jury found that Stephen Willis was 80% comparatively at fault in causing his injuries. Accordingly, on January 31, 2014, the Court entered judgment in favor of the Plaintiffs, and awarded Plaintiffs $1 on Plaintiffs' Fourth Amendment claim, and $302,044.80 (20% of $1,510.224.00) on Plaintiffs' wrongful death claim. (Doc. 251).

### B. Determination of the Initial Fee Request

Following the verdict and post-trial motions, Plaintiffs filed a Motion for Attorneys' Fees on May 14, 2014, seeking $2,590,173.75 in fees (lodestar fees of $1,726,782.50 with a 1.5 multiplier), and costs in the amount of $197,490.57 for over 3,500 hours of work performed by eight attorneys and two legal assistants. (Doc. 299, Attach. 1). Defendants opposed the fee request, asserting that Plaintiffs were not entitled to any attorneys' fees based on the nominal damages awarded on Plaintiffs' Fourth Amendment claim, but in the alternative, Defendants argued that the unreasonableness of both Plaintiffs' requested hourly rate and the number of hours Plaintiffs' counsel expended on the litigation warranted a significant reduction in requested costs. (Doc. 305).

On July 17, 2014, the Court granted the Initial Fee Motion in part ("Initial Fee Order"), awarding $717,642.74 in attorneys' fees and $106,852.20 in costs. The Court ruled that Plaintiffs are prevailing parties entitled to attorneys' fees under 42 U.S.C. § 1988. But the Court made minor reductions to the hours claimed based on limited instances of impermissible block billing. (Doc. 316 at 26-28). The Court also ruled that Plaintiffs failed to prove that the rates requested were reasonable because they were improperly based on San Francisco hourly rates rather than hourly rates in the local Fresno legal community. (Doc. 316 at 14-18). Further, the Court also denied Plaintiffs' request for a lodestar enhancement and instead made a 35% across-the-board downward adjustment to the lodestar calculation given the limited success achieved by Plaintiffs. (Doc. 316).

**C.     Ninth Circuit Mandate**

Plaintiffs timely appealed the jury verdict and this Court's "determination of Plaintiffs reasonable hourly rates" and the "reduction to the lodestar amount in granting Plaintiffs award for attorney's fees." (Doc. 329). On appeal, the Ninth Circuit affirmed all aspects of the trial court proceedings, except this Court's refusal to permit pre-death pain and suffering damages. *See Willis v. City of Fresno*, 680 Fed.App'x.589, 592 (9th Cir. 2017); (Doc. 343 at 5). The Ninth Circuit issued an opinion vacating this Court's judgment on Plaintiffs' 28 U.S.C. §1983 claim and remanded the case so that Plaintiffs "may present evidence in support of their claim for pre-death pain and suffering damages," in light of the intervening change of controlling law established in *Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1105 (9th Cir. 2014). *Id.*

The Ninth Circuit also remanded the matter for reconsideration of attorneys' fees and costs consistent with its ruling that Plaintiffs were entitled to seek damages for pre-death pain and suffering as follows:

> We decline to rule on plaintiff's contentions that the district court abused its discretion by reducing counsel's hourly rates and by imposing an across-the-board

3

35% reduction. The district court should revisit these issues following the limited re-trial on the issue of pre-death pain and suffering damages.

(Doc. 343 at 7).

### D. Proceedings Following Remand

On remand, the parties stipulated to a bench trial on the remaining pre-death damages issues with briefing and based upon evidence already in the record. (Docs. 348, 353). This Court issued findings of fact and conclusions of law and awarded Plaintiffs an additional $25,000 for Stephen Willis's pre-death pain and suffering. (Doc. 251.) Following the bench trial, this Court also ordered:

> Consistent with the Ninth Circuit's instruction that this court revisit its decision to reduce counsel's hourly rates and to impose an across-the-board 35% reduction (Doc. 343), [Plaintiffs shall file a renewed motion for attorneys' fees.] Any motion for attorneys' fees and costs shall be filed by December 20, 2017. The motion should be full and complete, in and of itself, and include any prior requests Plaintiffs wish the Court to consider.

(Doc. 373).

### E. Additional Fees and Costs Sought on Remand

Plaintiffs renewed Motion for Attorney's Fees and Costs following remand seeks an award of $1,790,307.50 in attorneys' fees, and an award of costs of $108,078.47. (Doc. 376-1, Appendix A). This amount includes $1,726,782.50 in lodestar fees as of May 2014; fees in the amount of $21,675.00 for attorney work performed in opposing Defendants' writ of certiorari to the Supreme Court; fees in the amount of $32,737.50 for attorney work in connection with the pre-death pain and suffering bench trial; and an additional $9,112.50 for preparing the renewed motion for attorneys' fees. (Doc. 376 at 1-2). Unlike the Initial Fee Motion, Plaintiffs' do not seek a multiplier on their lodestar fees in the renewed motion. With respect to costs, Plaintiffs seek $106,852.20 that the Court previously awarded in the Initial Fee Order and additional costs

of $1,226.27 incurred since that award in May 2014.[1]

### III.    Legal Standard

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), authorizes district courts to award "a reasonable attorney's fee" to prevailing civil rights litigants. "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "[T]he district court has discretion in determining the amount of a fee award." *Id*. at 437. Additionally, a district court may use its discretion to include expert fees as part of the attorneys' fee award. 42 U.S.C. § 1988(c).

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley*, 461 U.S. at 433. The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Id*. "The district court . . . should exclude from this initial fee calculation hours that were 'not reasonably expended.'" *Id*. at 433–34. After calculating the lodestar amount, the court can further adjust the lodestar calculation by considering the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992); *see also Stetson v. Grissom*, 821 F.3d 1157,

---

[1] Plaintiffs do not seek fees and costs incurred for proceeding before the Ninth Circuit. On May 23, 2017, the Ninth Circuit granted Plaintiffs' (appellees) motion for attorneys' fees, but referred the determination of the appropriate fee award to the Ninth Circuit's special master to "conduct whatever proceedings he deems appropriate, and who shall have authority to enter an order awarding fees. *See* Declaration of Beau Burbidge ("Burbidge Decl."), Ex. A (Doc. 376-3 at 6-7) (Ninth Circuit Order of May 23, 2017).

1166–67 (9th Cir. 2016). Further, time spent establishing entitlement to an amount of attorney's fees awardable under Section 1988 is also compensable. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 660-62 (9th Cir. 1985).

## IV. DISCUSSION

Consistent with the Ninth Circuit's recommendation, there are two primary issues before the Court for determination. First, the Court must reevaluate the hourly rates and the lodestar adjustment assessed in the Initial Fee Order in light of the additional relief awarded to Plaintiffs on the issue of pre-death pain and suffering damages. Second, the Court must determine the amount of fees and costs to award Plaintiffs incurred following the May 2014 appeal.

**1. Lodestar Calculation for Work as of May 2014**

   **A. Reasonableness of Hours Expended for Work as of May 2014**

Plaintiffs' initial fee motion sought compensation for a total of 3,508.02 hours expended by eight attorneys and two paralegals on this litigation. (Doc. 299, Attach. 1). In evaluating the time and billing records submitted by Plaintiffs, the Court determined that approximately 38 hours of Plaintiffs' time was non-compensable because it was insufficiently detailed or "block billed." (Doc. 316 at 28). In the renewed motion for attorney's fees, Plaintiffs' do not seriously dispute the minor reductions made to the number of hours billed in the Initial Fee Order. Likewise, Defendants do not dispute the Court's earlier reduction of the hours expended. (Doc. 377 at 8). Additionally, the Ninth Circuit limited its review of the attorneys' fee issue to "counsel's hourly rates" and the "across-the-board 35% reduction." (Doc. 343). The Court therefore does not disturb its prior detailed analysis and findings with respect to the hours expended by Plaintiffs' counsel for work as of May 2014.

Accordingly, the Court affirms the hours calculated in the Initial Fee Order.

   **B. Reasonableness of Hourly Rates for Work as of May 2014**

The Court next revisits the hourly rates awarded to Plaintiffs' counsel for work done prior to May 2014. As this Court explained in its prior order:

> Fee applicants have the burden of producing evidence that their requested fees are "in line with those prevailing in the community for similar services by lawyers of

> reasonably comparable skill, experience and reputation." "[T]he relevant community is the forum in which the district court sits." *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991).

(Doc 316 at 14).

This Court rejected the Plaintiffs' argument that their counsel should be awarded fees based on the prevailing hourly rates in San Francisco rather than those prevailing in Fresno.

> Plaintiffs are not entitled to San Francisco rates. First, Plaintiffs have offered minimal evidence that San Francisco rates are necessary to the enforcement of civil rights cases in Fresno. … [¶] Second, this Court sees more than its fair share of excessive force cases prosecuted by local counsel. Indeed, a cursory review of the Fresno Division's docket over the last three years reveals an abundance of local counsel willing and able to prosecute excessive force cases. … Accordingly, Plaintiffs' fees shall be determined by the prevailing rates in the Fresno community."

(Doc. 316 at 15).

Plaintiffs have offered nothing new in their renewed motion or declarations to support their argument that the Court should apply San Francisco rates as opposed to the presumptively correct Fresno rates. Accordingly the prevailing rates in the Fresno legal community should be used as the reasonable rates for the fees to be awarded to Plaintiffs' counsel for work done since May 2014. As for what those rates are, this Court, in the Initial Fee Order explained that: "the Court's review of the hourly rates generally accepted in the Fresno community for competent, experienced attorneys reveals a range of $250–$380 per hour. The rates at the highest end of this scale (in excess of $300) are generally reserved for those practitioners regarded as competent, reputable, and possessing in excess of 20 years of experience." (Doc. 316 at 16). "Further down the scale, the range of reasonable hourly rates for competent attorneys with less than ten years of experience is $175–$300 per hour." (Doc. 316 at 16).

Thus, the hourly rates for excellent work performed in the Fresno community at the time of the Initial Fee Order ranged from $380 and $250. (Doc. 316 at 17). At that time, the Court awarded Plaintiffs' counsel the very top end of what is reasonable in the Fresno market at each tier of experience to reflect the skill, reputation and success achieved by these attorneys. *See Hensley*, 461 U.S. at 434. Hours for each attorney who had been in practice 20 years or more—

Walter Walker, Peter Koenig, and Ellen Lake—were calculated at a rate of $380 per hour. (Doc. 316 at 17-18). The sole exception, Richard Berman, a Fresno area attorney who had been in practice for 36 years, was awarded his requested rate of $350 per hour. (Doc. 316 at 18). Eric Schweitzer, who had been in practice for 14 years, was awarded $300 per hour. Attorneys Clarissa Kearns, Rana Ansari-Jaberi, and Beu Burbidge—all with less than 10 years' experience were awarded a rate of $250 per hour. (Doc. 316 at 19-20).

The rate determination in the Initial Fee Order awarding attorneys' fees was based on an extensive survey of the attorneys' fees awarded in the Fresno Division. At that time, these rates were similarly corroborated, just months earlier, by Magistrate Judge Seng who found that $375 was a top rate for competent and highly experienced attorneys in the Fresno. *See Gordillo v. Ford Motor Co.*, No. 1:11-cv-01786-MJS, 2014 U.S. Dist. LEXIS 84359 at **14-15, 2014 WL 2801243 (E.D. Cal. June 19, 2014) (collecting cases). Since the initial fee motion was decided, *Willis* has been cited with approval over thirty times, as establishing the appropriate rates for civil rights attorneys in the Fresno community. *See e.g. Avila v. Cold Spring Granite Co.*, No. 1:16-cv-001533-AWI-SKO, 2018 U.S. Dist. LEXIS 6142, 2018 WL 400315 (E.D. Cal. Jan. 11, 2018); *Juarez v. Villafan*, No. 1:16-cv-00688-DAD-SAB, 2017 U.S. Dist. LEXIS 213380, 2017 WL 6629529 (E.D. Cal. Dec. 29, 2017). Given this analysis and the lack of supporting authority suggesting otherwise, the Court concludes that in 2014, the prevailing market rate for a civil rights attorney practicing in the Fresno area did not exceed $380.

Accordingly, the Court shall continue to apply the hourly rates determined in the Initial Fee Order to all work reasonably performed through May 2014.

**C.     Plaintiffs' Unadjusted Lodestar**

Based on the hourly rates and hours stated above, the lodestar in this case is calculated as follows:

| Attorney | Requested Hours | Hours Deducted | Adjusted Hours | Reasonable Rate | Unadjusted Lodestar |
|---|---|---|---|---|---|
| Walter H. Walker | 909.74 | 2.35 | 907.39 | $380.00 | $344, 808.20 |
| Peter J. Koenig | 691.7 | 0.00 | 691.7 | $380.00 | $262,846.00 |

8

| Ellen Lake | 247.3 | 0.00 | 247.3 | $380.00 | $93,974.00 |
|---|---|---|---|---|---|
| Richard Berman | 78.58 | 3.83 | 74.75 | $350.00 | $26,162.50 |
| Eric Schweitzer | 48.1 | 3.75 | 44.35 | $300.00 | $13,305.00 |
| Clarissa Kerns | 118.7 | 0.00 | 118.7 | $250.00 | $29,675.00 |
| Rana Ansari-Jaberi | 835.7 | 22.32 (74.4 x .3) | 813.48 | $250.00 | $203,370.00 |
| Beau R. Burbidge | 484.3 | 0.00 | 484.3 | $250.00 | $121,075.00 |
| Jess Ibatuan | 30.8 | 3.5 | 27.3 | $100.00 | $2,730.00 |
| Jocelyn Alvarez | 63.1 | 1.9 | 61.2 | $100.00 | $6,120.00 |

**Total Unadjusted Lodestar:**   **$1,104,065.70**

**2.   Adjustments to the Lodestar for Work as of May 2014**

Having determined the lodestar amount, the Court next considers whether any factors warrant an upward or downward departure. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The Supreme Court has recognized that "adjustments, both upward and downward, to the lodestar amount are sometimes appropriate, albeit in 'rare' and 'exceptional' cases." *Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir. 1986). "[T]he burden of proving that an enhancement is necessary must be borne by the fee applicant." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

**A.   Plaintiffs do not Request an Enhancement**

In the Initial Fee Order, the Court found that Plaintiffs' request for a 1.5 upward enhancement or "multiplier," was not justified given that the novelty, difficulty and the skill displayed by the attorneys in this case was "already baked into the unadorned lodestar." (Doc. 316 at 32). Rather, the Court found that an additional "downward adjustment of thirty-five percent (35%) [was] warranted" in large part, because of "Plaintiffs' overall success in this case." (Doc. 316 at 35). In the renewed motion for attorneys' fees currently before the Court, Plaintiffs move for attorneys' fee without a multiplier.

**B.     The Parties' Contentions Regarding a Lodestar Adjustment**

Defendants argue that the Court should "substantially reduce the lodestar figure for work done by Plaintiffs through May 2014, in light of the very limited success achieved by Plaintiffs in this litigation." (Doc. 377 at 11). In Defendants' view, a further downward adjustment of 60% to 80% is warranted because, for the purposes of Plaintiffs § 1988 fee request, Plaintiffs achieved a limited degree of success totaling a modest $25,000 on their pre-death pain and suffering civil rights claim. (Doc. 377 at 21-29). Relatedly, because much of the work done on this case was unrelated to the award of pre-death pain and suffering, Defendants argue that the Court should not reimburse Plaintiffs for litigating unsuccessful claims.

Plaintiffs respond that their success in this matter is not limited to their recovery on their civil rights claim, but also includes the $302,044.80 they were awarded on their related state law wrongful death claim. (Doc. 376-1 at 11). Nevertheless, Plaintiffs argue that the requested lodestar figure is presumptively reasonable given the increased success awarding Plaintiffs an additional $25,000 for pre-death pain and suffering following the limited bench trial. Having received this additional damages award, Plaintiffs contend that the level of success no longer warrants a downward adjustment.

**C.     A Lodestar Adjustment is Not Appropriate**

In determining whether a further adjustment is needed, the Court has considered whether Plaintiffs' unsuccessful claims were related to their successful claims and the equitable considerations outlined in *Kerr*. Based upon this review, the Court determines that a downward adjustment to the lodestar is not warranted. While Defendants argue that Plaintiffs' state law wrongful death award should not inform the degree of success achieved by Plaintiffs, the Ninth Circuit's instructions on remand were explicit:

> "We reject defendants' argument that the district court erred by considering plaintiffs' pendent state law claims when evaluating the degree of success

plaintiffs achieved in the litigation. *See Farrar v. Hobby*, 506 U.S. 103, 112-13 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983). Defendants' remaining challenges to the district court's fee award are likewise without merit." *Willis*, 680 Fed.App'x at 592.

Therefore, consistent with the Ninth Circuit's determination, the Court rejects Defendants' contention that the degree of success here is limited to Plaintiffs' award on the pre-death pain and suffering claim. While Plaintiffs were awarded $25,000 on their civil rights claim, they also achieved a substantial monetary award on their related state law claim—an award that properly contributes to the degree of success here. A reduced fee award is appropriate where a plaintiff achieves only partial or limited success. *Hensley*, 461 U.S. at 436. Here, Plaintiffs' counsel achieved a great deal of success through favorable verdicts for their clients—on two occasions—in the face of zealous and experienced advocacy on behalf of defendants, and therefore no downward reduction in the lodestar amount is appropriate.

Moreover, even if the Court were only to consider the damages awarded on pre-death pain and suffering, a downward departure would remain unwarranted. "Success is measured not only by the amount of the recovery but also in terms of the significance of the legal issue on which the plaintiff prevailed and the public purpose the litigation served." *Morales v. City of San Rafael*, 96 F.3d 359, 365 (9th Cir. 1996). Plaintiffs' case is one of very few in the Ninth Circuit awarding damages for pre-death pain and suffering in a civil rights action, thereby establishing judicial precedent that produces a deterrent effect and imparts a substantial public benefit. Because this case resulted in much more than just money damages, the Court finds that the parties' ultimate success on the issue of pre-death pain and suffering further eliminates the justification for a downward adjustment of the lodestar amount.

Because Plaintiffs' renewed motion does not seek an enhancement and Defendants have not demonstrated a convincing reason to reduce Plaintiffs' fee award, the Court finds that neither a downward nor an upward adjustment to the lodestar figure is warranted in this case. *See Perdue*,

559 U.S. at 554; *Kelly v. Wengler*, 822 F.3d 1085, 1102 (9th Cir. 2016) (explaining that the fee applicant must provide specific evidence to prove "that an enhancement is necessary"). Accordingly, the unadjusted lodestar amount of $1,104,065.70 is a reasonable amount of attorneys' fees for the work performed prior to May 2014.

**3. Plaintiffs Lodestar Hours for Work after May 2014**

For work completed after May 2014, Plaintiffs seeks $63,525.00 in attorneys' fees for (1) opposing the petition to the Supreme Court, (2) litigating the pre-death pain and suffering damages bench trial following the Ninth Circuit's remand, and (3) for preparing the renewed fee motion. (Doc. 376-1). To reach their lodestar figure, Plaintiffs' counsel use hourly rates of $675 for Walter Walker, who has over forty-years' experience, $700 for Ellen Lake, who has forty-seven years' experience, and $450 for Beau Burbidge, who has nine-years' experience. (Doc. 376 at 7-8). Defendants do not object to the number of hours Plaintiffs billed following the appeal, but they argue that Plaintiffs' hourly rates must be adjusted to comport with the local rates in the Fresno community.

The Court agrees and finds that the number of hours expended are reasonable, but as addressed at length above and in the Initial Fee Order, Plaintiffs are not entitled to their San Francisco rates. Four years following the Initial Fee Order, in the Fresno Division of the Eastern District, the hourly rate for competent and experienced attorneys is between $250 and $400, "with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *See Avila v. Cold Spring Granite Co.*, No. 1:16-cv-001533-AWI-SKO, 2018 U.S. Dist. LEXIS 6142 (E.D. Cal. Jan. 11, 2018); *Archer v. Gipson*, 2015 U.S. Dist. LEXIS 172270, 2015 WL 9473409, *13-14 n. 6 (E.D. Cal. Dec. 28, 2015) ("A current reasonable range of attorneys' fees, depending on the attorney's

experience and expertise, is between $250 and $400 per hour, and $300 is the upper range for competent attorneys with approximately 10 years of experience.")

In 2014, the Court awarded Mr. Walker and Ms. Lake $380 hour, noting that they have "demonstrated the highest level of skill, experience and reputation relative to the Fresno community." (Doc. 316 at 17). Mr. Burbidge, admitted to practice in 2009, was awarded $250 per hour. The Court finds that the current maximums are appropriate to account for the increase in skill and expertise by counsel since the appeal. As noted by Plaintiffs, this case was filed in 2009 and was pending for over eight years prior to the instant motion. There are almost 400 entries on the docket. Plaintiffs have prevailed at two trials in this district and have won two appeals before the Ninth Circuit. There thus can be no question that, since the July 2014 Initial Fee order, Plaintiffs' counsel has only grown more skilled and more experienced.

Based on all of the evidence regarding the prevailing rate in the community for counsel of similar experience and services and the timesheets provided by counsel documenting the hours spent following the 2014 appeal, Mr. Walker is awarded $400/hour for 75 hours expended. Ms. Lake is awarded $400/hour for 12 hours expended. Mr. Burbidge is awarded $300/hour for 10 hours expended. Accordingly, the Court awards $37,800 in attorneys' fees incurred following the 2014 appeal.

**4.     Request for Reimbursement of Costs**

"Under § 1988, the prevailing party may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (citations and internal quotation marks omitted). "Such out-of-pocket expenses are recoverable when reasonable." *Id.*

Plaintiffs seek to recover $108,078.47 in total costs including $106,852.20 in costs incurred prior to May 2014 and an additional $1,226.27 for costs incurred on remand. The

majority of costs Plaintiffs seek were addressed in detail in the Court's Initial Fee Order. (Doc. 316 at 37-41). Neither party challenges the Court's initial award of costs nor will the Court revisit that determination. Additionally, Defendants do not object to the remaining amount of costs on remand. The Court finds the requested amount of costs to be reasonable.

Therefore, the Court will award Plaintiffs' total requested costs of $108,078.47.

## V. CONCLUSION

For the reasons discussed herein, the Court hereby ORDERS as follows:

1. Plaintiffs' Motion for Attorneys' fees and costs is GRANTED IN PART. The Court AWARDS Plaintiffs **$1,141,865.70** in reasonable attorneys' fees, and **$108,078.47** in costs and expenses for a total sum of **$1,249,944.17**;

2. Defendants shall bear their own fees and costs.

IT IS SO ORDERED.

Dated: **February 27, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE